UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MANU KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-CV-1384 (CRC) |
| | : | |
| VINCENT C. GRAY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In his opposition to Defendants' motion to dismiss, Plaintiff concedes several arguments and fails to effectively counter Defendants' remaining arguments. As explained in Defendants' opening brief, and as further demonstrated herein, the Court should grant Defendants' motion in its entirety.

**I.    Plaintiff Concedes Dismissal of FEMS, As Well As Counts 2, 3 and 20**

Plaintiff expressly concedes that the FEMS is not *sui juris* and thus should be dismissed as a Defendant. Pl's Opp. at 1. Plaintiff also concedes the District's arguments that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1981, and has failed to state a claim pursuant to 42 U.S.C. § 1983 for allegations based on alleged Title VII violations. *Id.* at 2. Thus, the Court should dismiss Counts 2, 3 and 20.

**II.   Dismissal of Plaintiff's Claims Against Mayor Gray, Chief Ellerbe and Attorney General Nathan Is Appropriate**

Plaintiff fails to offer any valid reason (or any reason at all) why the Mayor, Fire Chief, and Attorney General should remain in this case as individual defendants when it is undisputed that none of these high-ranking officials knew of or had any involvement in the facts of this case. Instead of offering any rationale as to how inclusion of Mayor Gray, Chief Ellerbe and Attorney

General Nathan will contribute to or advance this case, Plaintiff has simply argued that the "Court is not required to dismiss" the high-ranking officials.

The cases Plaintiff cites likewise offer no additional justification, and the procedural history of those cases provide support for the Defendants' position.  In *Owens*, for example, the Court dismissed Mayor Fenty as a defendant at the summary judgment stage, *see Sonya Owens v. District of Columbia*, C.A. No. 08-2029 (AK) (ECF No. 78) (D.D.C. June 26, 2012).  In *Johnson v. District of Columbia*, Judge Bates eventually dismissed the Mayor, specifically reasoning that "because a lawsuit against the Mayor acting in his official capacity is the same as a lawsuit against the District, the Mayor's inclusion in this lawsuit is unnecessary because it is duplicative."  947 F. Supp. 2d 123, 127 n.1 (D.D.C. 2013) (citations omitted).  Because the only reason Plaintiff offers in support of keeping high-level, official capacity defendants in this case boils down to one of "why not," and in light of the significant authority in support of their dismissal, *see* Defs.' Mem. in Supp. at 11 n.6, the Court should dismiss Mayor Gray, Chief Ellerbe and Attorney General Nathan in the interest of efficiency and avoiding redundancy.

### III.     Plaintiff's ADA/ADAAA Claims Should Be Dismissed.

#### A.    Plaintiff's ADA/ADAAA Claims Must Be Dismissed As a Matter of Law As Plaintiff Has Failed to Plead Plausible Facts to Support a Qualifying Disability

Plaintiff's continued failure to plead any facts to demonstrate that he suffered from a disability that substantially interferes with a major life activity is fatal to Plaintiff's claims – whether under the ADA or ADAAA.  Indeed, Plaintiff ignores completely the arguments set forth on pages 15-20 of the memorandum in support of Defendants' motion to dismiss that demonstrate that Plaintiff's shaving condition – which only prevents him from shaving his beard within 1/8 inch of his skin – does not substantially limit a major life activity.  Contrary to

Plaintiff's assertion that Defendants "conspicuously" do "not contest that [sic] Plaintiff's claim that he has a disability within the meaning of the ADAAA," Pl.'s Opp. at 11, Defendants argue throughout this portion of the memorandum that, under either the ADA or the ADAAA, to have a cause of action Plaintiff must demonstrate that his disability substantially affects a major life activity.  *See, e.g.,* Defs.' Mem. in Supp. at 16 (noting that "'self-care has been recognized as a major life activity under the ADA both before and after the ADAAA"); *id.* at 17 n.10 ("even under the ADAAA, which expressly includes "caring for oneself" as a major life activity, Plaintiff has pled no facts to support his position that not being able to *closely* shave his facial hair, as opposed to shaving his facial hair within 1/8 of an inch of his face, is substantial limitation of a major life activity."); *id.* at 18 n.12 (noting that the EEOC's ADAAA Regulations permit an individual to show that the alleged impairment "substantially limits his or her ability to perform a class of jobs or broad range of jobs in various classes…").

While the term "substantially limits" is not "meant to be a demanding standard" in light of the ADAAA, 29 C.F.R. § 1630.2(j)(1)(i), it is still a standard and "not every impairment will constitute a disability within the meaning of this section." *Id.* § 1630.2(j)(1)(ii).  Here, there is no dispute that Plaintiff is able to shave his face; he just cannot shave his face closely.  Plaintiff has not demonstrated how the need to limit his shaving to within 1/8 inch of his skin (as opposed to shaving so that he is clean-shaven) substantially limits any major life activity under the ADA or ADAAA.

Moreover, Plaintiff has failed to address any of the cases cited by Defendants in pages 15-20 of Defendants' memorandum in support, or address any argument Defendants have made.  Rather, he simply states in a conclusory manner that he has pled sufficient facts even though Defendants have demonstrated that no such facts exist, and as a matter of law Defendants are

entitled to judgment on Plaintiff's disability-related claims under the ADA, the ADAAA, the Rehabilitation Act, and the D.C. Human Rights Act. Defs.' Mem. in Supp. at 15-20. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002); *see also Harris v. CitiMortgage, Inc.,* 878 F.Supp.2d 154, 163 (D.D.C. 2012) ("Because this response fails to address defendants' assertions, it concedes them."); *Day v. D.C. Dep't of Consumer & Regulatory Affairs,* 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.") (internal citation omitted). Thus, the Court may, and should, treat Defendants' arguments that Plaintiff has failed to plead facts to demonstrate a substantially-limiting disability as conceded.

Because all of Plaintiff's disability-related claims rest on his unsupported theory that his PFB qualifies as a "disability," the Court should dismiss Plaintiff's claims of disparate impact on the basis of disability (Counts 4, 5, 6 and 22), his claims for disparate treatment on the basis of disability (Counts 11, 12, 13, 14 and 24), his claims for failure to accommodate on the basis of disability (Counts 7, 8, 9, 10 and 23).

### B. The ADAAA Amended the ADA; It Did Not Create an Independent Cause of Action

Even if Plaintiff could establish that his inability to shave closely substantially limits a major life activity, Plaintiff offers no legal support for his efforts to assert claims under the ADAAA as a cause of action separate and apart from the ADA. In contrast, the Defendants have presented the Court with legal authority to prove what should be clear: by enacting the ADAAA, Congress amended the ADA. It did not create a new legal remedy. *See Snider v. U.S. Steel-*

*Fairfield Works Med. Dept.*, 2013 WL 1278973 (N.D. Ala. March 26, 2013).  As the *Snider* Court observed, Congress enacted the ADAAA in 2008 "to 'reinstat[e] a broad scope of protection to be available *under the ADA*.'"  *Id.* (citing PL 110-325, September 25, 2008, 122 Stat. 2553, at Section 2(b)(1)) (emphasis added).  There is no support for Plaintiffs' position that, in essence, amounts to an attempt to seek an alternative means of relief under the same statute.

Defendants' position is not, as Plaintiff argues "the equivalent of arguing that because an employer refused to put a ramp in the workplace to accommodate an individual in a wheelchair prior to the ADA becoming effective, it would be permitted to continue to refuse to put a wheel chair ramp in the workplace *after* the ADA was effective" or "arguing that an employer could harass an African American employee in 1965 due to the employee's race because the employer began harassing the employee in 1963, before Title VII was effective." Opp. at 4.  Plaintiff misses the point.  Laws are amended from time to time to establish a different burden of proof.  The cause of action is the same, but the evidence presented or theories of defense may change.  Thus, assuming that the inability to shave closely substantially limits a major life activity, the claims that Plaintiff seeks to assert under the ADAAA – Counts 5, 8, 12, 16 and 27 – should be dismissed for failure to state a claim and as redundant to Plaintiff's claims under the ADA.

### C.  The ADAAA Has No Retroactive Effect

Plaintiff agrees that the ADAAA has no retroactive effect.  Pl.'s Opp. at 5.  Plaintiff also acknowledges that this jurisdiction has not determined whether the ADA or amendments should govern conduct that occurred both before and after the ADA was amended.  *Id.* at 6 n.2 (citing *Klute v. Shinseki*, 840 F. Supp. 2d 209, 215 n.4 (D.D.C. 2012)).  Instead, Plaintiff accuses the

District of misrepresenting the date on which a Seventh Circuit litigant's ADA claim accrued.[1] Pl.'s Opp. at 8-9 (citing *Kennedy v. Chemical Waste Mgmt.*, 79 F.3d 49 (7th Cir. 1996). The typographical error was not, as Plaintiff describes "a thinly veiled attempt to make the case seem applicable to this matter," as the actual date the claim occurred in *Kennedy* was not relevant to the analogy the Defendants established: that efforts to create a new injury from an existing injury to avail oneself of a particular claim – here, application of new ADA standards to past conduct, in *Kennedy v. Chemical Waste Management*, an extension of the statute of limitations. Defendants simply established that "[d]enied requests for accommodation do not make prior denials of the same request any less discrete or actionable." *Coleman v. Cook County*, 2010 WL 725322 at *5 (N.D. Ill. Feb. 25, 2010) (citing *Mendez v. City of Chicago*, 2004 WL 2980598 at *4 (N.D. Ill. Dec. 22, 2004) ("[D]enial of a repeat request for previously denied accommodations do not constitute a new discriminatory act or make the previous denial part of a continuing violation.").

     Here, Plaintiff offers no law in support of his position that a different standard should apply to the same actions that took place again at a different time. Plaintiff refers only to a Q&A on the EEOC website, and then recites inapposite case law and facts, asserting that "where an employee's medical condition and/or job duties change significantly, a denial of a new request for accommodation under the changed circumstances creates a new cause of action." Pl.'s Opp. at 8 (citing *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 132-33 (1st Cir. 2009). Here, Plaintiff has not alleged a significant change in any medical condition, or his job duties. He has merely alleged that he suffered from a skin condition that only allowed him to shave within 1/8 of an inch of his face. He has cited no binding (or even persuasive) precedent for his theory that a

---

[1] Defendants had incorrectly stated that the plaintiff's ADA claim had accrued in 1988. The plaintiff had actually been removed from his job in 1988 at his doctor's recommendation. The plaintiff later returned to work in 1992. *Kennedy*, 79 F.3d at 49-50.

different standard should apply, and has acknowledged that judges in this jurisdiction have expressly declined to consider the same argument he presents before this Court.

This Court should follow the lead of the Court in *Klute*, 840 F. Supp. 2d at 209 n.4. Here, as in *Klute*, "the plaintiff has failed to demonstrate that he is disabled under the more forgiving post-amendment standard" insofar as Plaintiff has failed to allege facts to support a disability that substantially limited any major life activity; thus, the Court need not "endeavor to determine which standard, or combination thereof, must be applied when the allegedly discriminatory conduct occurred both before and after the enactment of the amendments." *Id.* Because Plaintiff has failed to plead an essential element of his ADA claim even under the 2009 amendments, the Court should dismiss Plaintiff's disability-related claims.

### IV.     Plaintiff's Section 1983 Claims Are Time Barred

Plaintiff does not dispute that his constitutional claims arose in 2008, when he contends FEMS first applied its allegedly unconstitutional policy to him, and that he filed this lawsuit more than three years after his claims accrued.  Instead, Plaintiff asserts, without legal support, that it is his "position that every time the Defendants applied the discriminatory grooming policy to him," a Section 1983 violation occurred.

In *Earle v. District of Columbia*, 707 F.3d 299, 306 (D.C. Cir. 2012), our circuit expressly declined to decide whether the "continuing violation" theory should apply to the appellant's Section 1983 claim because, even if it did, the appellant would not prevail. Similarly, here, assuming the continuing violation theory applies, it would not cure Plaintiff's failure to comply with the three-year statute of limitations.  As the Court in *Earle* recognized, the continuing violation doctrine will apply "if the fact of the violation becomes apparent only by dint of the cumulative effect of repeated conduct." *Earle*, 707 F.3d at 306 (citing *Keohane v.*

7

*United States*, 669 F.2d 325, 329 (D.C. Cir. 2012).  Here, the violation that Plaintiff claims was immediately actionable in 2008.  Indeed, Plaintiff himself contends that he first told the FEMS that he was being subjected to discrimination on July 10, 2008, and that he "often expressed to [FEMS] that he believed [FEMS'] actions against him were discriminatory and retaliatory."  Compl. ¶¶ 131-132.  On the facts that Plaintiff has pled, it is simply not plausible to conclude that Plaintiff only became aware of the violation "only by the dint of the cumulative effect of repeated conduct."[2]

Moreover, other courts in this jurisdiction have applied the reasoning of *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) in rejecting the application of the continuing violations doctrine to Section 1983 claims.  *See Motley-Ivey v. District of Columbia*, 923 F. Supp. 2d 222, 240-41 (D.D.C . 2013); *Jones v. District of Columbia*, 879 F. Supp. 2d 69, 82-83 (D.D.C. 2012); *Turner v. District of Columbia*, 383 F. Supp. 2d 157, 168-69 (D.D.C. 2005).  *But see Brown v. District of Columbia*, 251 F. Supp. 2d 152, 163 n.5 (D.D.C. 2003) (rejecting the application of *Morgan* to statutes other than Title VII).  Thus, all discrete acts occurring outside the three-year limitations (i.e., before September 11, 2010), are time-barred.

### V.      Plaintiff Has Failed to State a Claim for Declaratory or Injunctive Relief

Plaintiff contends that he is entitled to injunctive or declaratory relief even though he resigned from his position at FEMS, Pl's Opp. at 13-14, but fails to address at all the Defendants' argument that Plaintiff lacks standing for his claims for prospective relief.  It is well-settled that where a plaintiff "seek[s] declaratory and injunctive relief, past injuries alone are insufficient to establish standing.  Rather, [Plaintiff] must show he is suffering an ongoing injury or faces an immediate threat of injury."  *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *see also*

---

[2] The continuing violation doctrine may also be applied where "the text of the pertinent law imposes a continuing obligation to act or refrain from acting." *Earle*, 707 F.3d at 307.  Plaintiff has not established a continuing obligation to act or refrain from acting under Section 1983.

8

Defs.' Mem. in Supp. at 25 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  The standing requirement articulated in *Lyons* is equally applicable in the Title VII context.  *See Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp.*, 28 F.3d 1268, 1272-74 (D.C. Cir. 1994) (finding lack of standing for plaintiffs' claims under Title VII and Section 1981 for failure to allege that they would again be subjected to the alleged illegal activity).  Here, Plaintiff has failed to allege any facts at all to show that he suffers an ongoing injury or faces an imminent threat of future injury.  Thus, he lacks standing for his claims for declaratory and injunctive relief.

## VI. Conclusion

For the reasons demonstrated above and in Defendants' opening brief, Defendants respectfully request that the Court dismiss FEMS, all claims against Mayor Gray, Chief Ellerbe, and Attorney General Nathan, any request for declaratory or injunctive relief, and dismiss Counts 2-14, 16-17, 20, 22-24, and 27 in their entirety.

    Respectfully submitted,

    IRVIN B. NATHAN
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    */s/ Jonathan H. Pittman*
    JONATHAN H. PITTMAN [430388]
    Section Chief
    Civil Litigation Division, Section III

    */s/ Shana L. Frost*
    SHANA L. FROST [458021]
    Assistant Attorney General
    441 Fourth Street, NW, 6th Floor South
    Washington, DC 20001
    (202) 724-6534


Fax:  741-8934  
shana.frost@dc.gov

*Attorneys for Defendants*