## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MANU KENNEDY,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 13-CV-1384 (CRC) |
| : | |
| **VINCENT C. GRAY,** *et al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM

During the September 22, 2014 telephone conference with the Court, the Court requested supplemental briefing from the parties as follows: (1) Plaintiff submit supplemental briefing on the issue of whether PFB is a disability as defined by the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, and (2) Defendants submit supplemental briefing on the issue of whether work is a major life activity under the ADA and the Rehabilitation Act.

Merely having an impairment does not make one disabled under the ADA and Rehabilitation Act. Rather, the impairment must substantially limit a major life activity. Under the revised regulations promulgated in response to the 2009 amendments to the ADA, "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(2).[1]

Although working may be considered a major life activity, "to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded

---

[1] The standard to determine a violation of the Rehabilitation Act is the same standard used to determine a violation under the ADA. *See, e.g. Kapche v. Holder*, 677 F.3d 454, 460-61 (D.C. Cir. 2012).

from *more than a particular job*."  *Murphy v. United Parcel Serv., Inc.,* 527 U.S. 516, 523 (1999) (emphasis added); see also *Chang v. Inst. for Pub.-Private Partnerships, Inc.,* 846 A.2d 318, 325 (D.C. 2004).  Indeed, notwithstanding the 2009 amendments to the ADA, "the test for determining whether a person's ability to work was substantially impaired has not changed" with the enactment of the ADA amendments.  *Krachenfels v. North Shore Long Island Jewish Health Sys.*, 2014 WL 3867560 * 14 n.11 (E.D.N.Y. July 29, 2014).

As noted by the *Krachenfels* Court, "[t]he EEOC regulations used to provide explicitly that a substantial impairment in the major life activity of working meant that the individual was "'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs'" and that "'[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.'"  *Krachenfels*, 2014 WL 3867560 * 14 n.11 (quoting *Cameron v. Cmty. Aid for Retarded Children, Inc.*, 335 F.3d 60, 65 (2d Cir. 2003) (quoting 29 C.F.R. § 1630.2(j)(3)(i))).

After the 2009 amendments, the EEOC "'removed from the text of the regulations a discussion of the major life activity of working' because 'no other major life activity receives special attention in the regulation,' and 'in light of the expanded definition of disability established by the [ADAAA], this major life activity will be used in only very targeted situations.'"  *Id.* (quoting *Interpretive Guidance on Title I of the Americans with Disabilities Act*, 29 C.F.R. Pt. 1630, App. § 1630.2(j)).  The EEOC further stated that "'[i]n the rare cases where an individual has a need to demonstrate that an impairment substantially limits him or her in working, the individual can do so by showing that the impairment substantially limits his or her ability to perform a class of jobs or broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities.'"  *Id.* (citing *EEOC Interpretive*

*Guidance*). Further, "'[d]emonstrating a substantial limitation in performing the unique aspects of a single specific job is not sufficient to establish that a person is substantially limited in the major life activity of working.'" *Id.* (citing *EEOC Interpretive Guidance*)[2]. Thus, because "the test for determining whether a person's ability to work was substantially impaired has not changed," courts continue to apply the standard of inability to perform a "class of jobs or broad range of jobs in various classes" to ADA claims occurring after the 2009 amendments to the ADA. *See, e.g., Bearce v. City of Waterville*, 2014 WL 4658720 at *12 (D. Me. Sept. 16, 2014); *Howell v. West Bus. Solutions, LLC*, 2014 WL 3845430 *4 (N.D. Okla. Aug. 5, 2014); *Maxwell v. County of Cook*, 2014 WL 3859981 *3 (N.D. Ill. Aug. 4, 2014); *McKnight v. Nationwide Better Health Ins.*, 2014 WL 2435918 *7 (D. Md. May 29, 2014).

Thus, working can be deemed a major life activity under the ADA and the Rehabilitation Act, but to state a claim under either of these laws, Plaintiff must show more than an inability to perform a specific chosen job. Here, just as Plaintiff has pled no facts that can plausibly support a claim that he was substantially limited in the major life activity of grooming himself,[3] Plaintiff likewise has pled no facts to support that he was substantially limited in the major life activity of working. The complaint does not allege that Plaintiff was unable to perform a class of jobs or a range of jobs within a class. All Plaintiff has claimed was that he was substantially impaired

---

[2] *See also* Mark C. Travis, *Amendments Put Americans with Disabilities Act Back on Path of Tackling Discrimination*, 47 Tenn. Bar J. 12, 14 (June, 2011) ("The ADAA was silent on this issue [of "working" as a major life activity] but in designing the final regulations the EEOC chose not to depart from the original interpretation that the limitation must still restrict the individual from a "class" or "broad range of jobs"); Amy L. Allbright, *The EEOC's Regulations Implementing the ADAAA: Expanding Coverage Under the "Disability" Definition*, 35 Mental & Physical Disability Law Rptr. 207, 209 (Mar./April 2011) ("To establish a substantial limitation in working, a plaintiff must prove that his or her impairment substantially limits "his or her ability to perform a class of jobs or broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities." (quoting 76 Fed. Reg. 16978, 16999, 17013 (2011) (EEOC Supplementary Information)).

[3] While Plaintiff has claimed that he is limited in shaving his face, it is undisputed that Plaintiff can indeed shave. He is only limited in shaving his face within 1/8 of an inch. *See* Compl. ¶¶ 50, 117, 139.

from performing activities as a firefighter due to his need to maintain 1/8 inch of facial hair.  *See, e.g.* Compl. *passim*.  Indeed, the facts that Plaintiff has pled actually support that there was at least one other job at FEMS that Plaintiff was able to perform:  from March 2011 through his resignation in May 2013, Plaintiff states that he was assigned to Ward 2 to conduct Fire Inspections.  Compl. ¶¶ 286-87.  Despite Plaintiff's inability to shave within 1/8 of an inch of his face, Plaintiff was able to perform his job as a Fire Inspector without incident for over two years, apparently without incident, until he voluntary left his employment with FEMS.  *Id.*  Thus, the facts alleged in the complaint cannot support a claim of a disability under the ADA and the Rehabilitation Act that substantially impaired Plaintiff from the major life activity of working.

Accordingly, for the reasons set forth in Defendants' opening brief and reply memorandum, the Court should dismiss Plaintiff's claims under the ADA and the Rehabilitation Act.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ *Jonathan H. Pittman*
        JONATHAN H. PITTMAN [430388]
        Chief, Civil Litigation Division Section III

        */s/ Shana L. Frost*
        SHANA L. FROST [458021]
        Assistant Attorney General
        441 Fourth Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  741-8934
        shana.frost@dc.gov

        *Attorneys for Defendants*