## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MANU KENNEDY,                          )
                                       )
                                       )
     **Plaintiff,**                    )
                                       )
**v.**                                 )          **Civil Action No. 1:13-01384-CRC**
                                       )
HON. VINCENT GRAY, MAYOR, et al.       )
                                       )
     **Defendant.**                    )
_____)

### PLAINTIFF'S SUPPLEMENTAL BRIEFING

Defendant's Motion to Dismiss Plaintiff's disability claims should be denied.[1] Plaintiff

pled sufficient facts to establish he has standing under the Americans with Disabilities Act

("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA").

## I.   AMERICANS WITH DISABILITIES ACT[2]

### A.  Plaintiff is Substantially Limited in the Major Life Activity of Working

Plaintiff suffers from a medical condition, pseudofolliculitis barbae ("PFB") that

substantially limits his ability to work.  *Rand v. Geithner*, 609 F. Supp. 2d 97, 103 (D.D.C. 2009)

("working is considered a major life activity under the Rehabilitation Act and the ADA.").[3]

---

[1] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible when the facts pled in the complaint allow the Court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Coley v. Bank of America Corp.*, -- F.Supp.2d--, 2014 WL 1280214, at *2 (D.D.C. 2014) (internal citations omitted).

[2] Although, in footnote 1 of his Opposition to Defendant's Partial Motion to Dismiss ("Opposition"), Plaintiff conceded that he was not an individual with a disability, Plaintiff no longer assumes that legal position.  Judicial estoppel does not bar Plaintiff's change in position.  *See Zedner v. U.S.*, 547 U.S. 489, 504 (2006) (declining to apply judicial estoppel after consideration of the requisite factors, including: whether "a party's later position" was "'clearly inconsistent with its earlier position,'" "'whether the party has succeeded in persuading a court to accept that party's earlier position,'" and "'whether the party seeking to assert an inconsistent position would derive an unfair advantage.'" (quoting *New Hampshire v. Maine*, 532, U.S. 742, 750-51 (internal citations omitted)).

[3] Analyzing a pre-2009, ADA claim and citing the ADAAA to support the statement that working is a major life activity.  Likewise, Plaintiff maintains this Court should use the analysis in II.A, below, for pre-2009 ADA claims.

In *Sutton v. United Air Lines, Inc.* 527 U.S. 471, 491-92 (1999), the Court, relying on the EEOC's regulations at 29 C.F.R. § 1630.2(j)(3)(i), reasoned that to be substantially limited in the major life activity of working, a plaintiff must allege he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable raining, skills, and abilities." *See also Dave v. Lanier*, 681 F. Supp. 2d 68, 75 (D.D.C. 2010) (adopting *Sutton* analysis). Factors to consider in making this finding include "the geographical area to which the individual has reasonable access," and "the number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which the individual is also disqualified." *Sutton*, 527 U.S. at 491-492.

Firefighting is a class of jobs under the major life activity of working. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993).[4] In *Fitzpatrick*, the court reasoned,

> PFB qualifies as a "physical ... impairment" as it is a "physiological disorder or condition ... affecting ... [the] skin." That impairment, and the firefighters' inability to shave that results from it, "substantially limit" the firefighters' ability to engage in the "major life activity" of work on account of the no-beard rule. Thus…the appellant firefighters would seem to qualify as "handicapped individual[s]."

*Id.* at 1126 (citing U.S. DHHS regulations implementing the Rehabilitation Act). Plaintiff's PFB and his resulting inability to be clean-shaven substantially limit his ability to engage in the major life activity of work. *See* Complaint ¶¶ 39-43, 104-105, 111, 138 (describing his inability to shave and resulting limited duty and suspensions).

**B.  Plaintiff's Cell Growth is Substantially Limited**

Normal cell growth is also a major life activity. *See Green v. Am. Univ.*, 647 F. Supp. 2d 21, 29 (identifying cell growth as a major life activity when analyzing claims arising prior to January 1, 2009). Plaintiff's PFB causes persistent irritation, inflammation, and bacterial

---

[4] *Contra Bridges v. City of Bossier*, 92 F.3d 329, 335 (5th Cir. 1996).

infections, which becomes inflamed with papules and pustules.  These symptoms are substantial impairments that the general population does not experience.  Complaint ¶¶ 39-43, 45-48, 104-105.  As such, Plaintiff has pled facts sufficient establish his cell growth is substantially impaired, and therefore, facts sufficient to give rise to a claim premised upon his status as an individual with a disability under the ADA.

### C.  Defendant Regarded Plaintiff as an Individual with a Disability

An individual is "regarded as" disabled if his employer "mistakenly believes that [the] person has a physical impairment that substantially limits one or more major life activities" or "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities."  *Adams v. Rice*, 531 F. 3d 936, 946 (D.C. Cir. 2008) (quoting *Sutton*, 527 at 489).  "[C]ourts require specific evidence that an employer believed an employee's disability substantially limited a major life activity."  *Ellis v. Georgetown Univ. Hosp.*, 723 F. Supp. 2d 42, 51 (D.D.C. 2010).  This includes instances where the employer mistakenly believes the physical impairment substantially limits the major life activity of working.  *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 521-22.

Plaintiff alleged the Defendant believed he could not perform his duties because his PFB rendered him unable to perform a class of jobs.  *See Fitzpatrick,* 2 F.3d at 1126; Complaint ¶¶ 81-93, 138.  Specifically, Defendant believed Plaintiff could not work in a job requiring the wearing of a facemask because his medical condition did not allow him to be clean-shaven.  Complaint ¶¶ 81-93, 104-105, 111, 138.  Accordingly, just as in *Fitzpatrick*, Plaintiff has pled facts sufficient to establish he is an individual with a disability under the ADA.

### II.  Americans with Disabilities Act Amendments Act

In its Partial Motion to Dismiss, Defendant concedes Plaintiff is an individual with a

disability under the ADAAA but erroneously argues that the ADAAA does not apply to any of the events giving rise to Plaintiff's claims.  However, as discussed in Plaintiff's Opposition, the ADAAA governs all events occurring on or after January 1, 2009.  Opposition at 5-7.

### A.  Plaintiff is Substantially Limited in the Major Life Activity of Working

The ADAAA and its regulations explicitly identify work as a major life activity.  29 C.F.R § 1630.2 (i)(1)(i).  Specifically, the regulations state,

> In the rare cases where an individual has a need to demonstrate that an impairment substantially limits him or her in working, the individual can do so by showing that the impairment substantially limits his or her ability to perform a class of jobs or broad range of jobs in various classes as compared to most people having comparable training, skills, and abilities. In keeping with the findings and purposes of the Amendments Act, *the determination of coverage under the law should not require extensive and elaborate assessment, and the EEOC and the courts are to apply a lower standard in determining when an impairment substantially limits a major life activity, including the major life activity of working, than they applied prior to the Amendments Act.* The Commission believes that the courts, in applying an overly strict standard with regard to "substantially limits" generally, have reached conclusions with regard to what is necessary to demonstrate a substantial limitation in the major life activity of working that would be inconsistent with the changes now made by the Amendments Act. Accordingly, as used in this section *the terms "class of jobs" and "broad range of jobs in various classes" will be applied in a more straightforward and simple manner* than they were applied by the courts prior to the Amendments Act.

App. 29 C.F.R § 1630, App., Substantially Limited in Working (emphasis added).  Examples of specific classes of jobs include "commercial truck driving" and "law enforcement jobs."  "A class of jobs may be determined by reference to the nature of the work that an individual is limited in performing."  *Id*.  Similarly, fire-fighting is a class of jobs.

"[A] class of jobs may be determined… by reference to job-related requirements that an individual is limited in meeting."  *Id.*

> For example, if a person whose job requires heavy lifting develops a disability that prevents him or her from lifting more than fifty pounds and, consequently, from performing not only his or her existing job but also other jobs that would similarly require heavy lifting, that person would be substantially limited in working because he or she is substantially limited in performing the class of jobs that require heavy lifting.

*Id.*  The District of Columbia requires that fire fighters be clean-shaven.  Complaint ¶¶ 77, 81-93.

Due to his medical condition, Complainant cannot meet this requirement.  Complaint ¶¶ 39-43,

45-48, 104-105.  He is also substantially limited in his ability to work in any job that requires a

clean-shaven face, including jobs that may require a respirator, such as jobs working in

contaminated areas and other public-health safety jobs.  Accordingly, Plaintiff has pled facts

sufficient to establish he is substantially limited in the major life activity of working.

### B.  Plaintiff's Skin Function and Cell Growth are Substantially Impaired

The EEOC's regulations explicitly include the function of "special sense organs and

skin," and "normal cell growth" as major life activities.  29 C.F.R. § 1630.2(i)(1)(ii).  As

explained above, Plaintiff has alleged facts sufficient to establish that PFB substantially limits his

cell growth.  *See* Complaint ¶¶ 39-43, 104-105.  Moreover, given that his medical condition

causes infections, irritations, pustules, and papules, PFB substantially limits his skin function "as

compared to most people in the general population."  29 C.F.R. § 1630.2(j)(1)(ii).

### C.  Defendant Regarded Plaintiff as an Individual with a Disability

"An individual meets the requirement of 'being regarded as having such an impairment' if

the individual establishes that he or she has been subjected to an action prohibited under this Act

because of an actual or perceived physical or mental impairment whether or not the impairment

limits or is perceived to limit a major life activity."  42 USC § 12102 (3)(A); *see Douglas v. Dist.*

*Of Columbia Hous. Auth.,* 981 F. Supp. 2d 78, 87 (D.D.C. 2013)(citing 42 USC § 12102 (3)(A)).

As pled in the Complaint, Defendant's actions, including suspensions and placement on

limited duty, were based on Plaintiff's PFB which rendered him unable to shave.  *See, e.g.*,

Complaint ¶¶ 145-146, 166-167.  Accordingly, Plaintiff has pled facts sufficient to establish that

he is an individual with a disability, insofar as Defendant regarded him as such.

Date: October 6, 2014                              Respectfully Submitted

/s/Gary M. Gilbert
Gary M. Gilbert, MD15808

 /s/ Shannon C. Leary
Shannon C. Leary, MD18396
The Law Offices of Gary M. Gilbert
& Associates, PC
1100 Wayne Ave, Suite 900
Silver Spring, MD  20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Gary@ggilbertlaw.com
sleary@GGilbertlaw.com
*Attorneys for Plaintiff*