## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MANU KENNEDY,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>　　　　Defendant. | Case No. 1:13-cv-01384 (CRC) |

### ORDER

In September 2013, Plaintiff Manu Kennedy brought an action raising 28 counts against the District of Columbia Fire Department, including claims of discrimination on the basis of race and disability. Eight of those counts were grounded on the premise that an ailment Kennedy claimed to suffer from—a skin condition that prevents him from shaving too closely—qualified as a disability under the American with Disabilities Act ("ADA"): Counts 6, 9, and 13 under 42 U.S.C. § 1983; Counts 10 and 14 under the District of Columbia Human Rights Act of 1977, D.C. Code §2-1401; and Counts 22, 23, and 24 under the Rehabilitation Act of 1973, 29 U.S.C. 1701. See Pl.'s Compl. The District of Columbia subsequently moved to dismiss Kennedy's claims for injunctive and declaratory relief and against specific individual defendants, as well as all eight disability-based discrimination claims. The Court granted the District's partial motion to dismiss, finding that the American with Disabilities Amendments Act ("ADAAA") did not apply to Kennedy's claims, and that his skin condition did not qualify as a disability under the pre-amended ADA. See Mar. 30, 2015 Mem. Op. & Order, ECF No. 21–22. In reaching its holding, however, the Court acknowledged that "the D.C. Circuit has not answered the specific question of when a claim accrues under the 2008 ADA amendments[.]" Id. at 8. Accordingly, the Court certified the "issue of whether the ADAAA's definition of disability applies to Plaintiff's complaints" for immediate

appeal because it "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal . . . may materially advance the ultimate termination of the litigation."  Nov. 16. 2015 Mem. Op. & Order, ECF No. 30 (quoting 28 U.S.C. § 1292(b)).  The D.C. Circuit dismissed the appeal without reaching the merits because it lacked jurisdiction due to Kennedy's delay in filing an application for appeal.  See Kennedy v. Bowser, 843 F.3d 529, 531 (D.C. Cir. 2016).

Kennedy now moves for entry of partial final judgment under Federal Rule of Civil Procedure 54(b) with respect to his disability-based discrimination claims, or in the alternative, for re-certification for an interlocutory appeal.  Rule 54(b) authorizes "the district court [to] function[] as a dispatcher, determining in its sound discretion when a claim should proceed on to appellate resolution and when it should await its fellows."  Petties v. District of Columbia, 227 F.3d 469, 472 (D.C. Cir. 2000).  Courts properly exercise this discretion by balancing "the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice."  Taylor v. Fed. Deposit Ins. Corp., 132 F.3d 753, 760 (D.C. Cir. 1997).  Here, both parties acknowledge that there is no clearly controlling precedent as to whether a claim based on a request for a reasonable accommodation that was renewed after the ADAAA went into effect is governed by the ADAAA's more expansive definition of disability.  See Pl.'s Mot. for Entry of Final J., Ex. 4 at 22 (Appellee's Brief).  Furthermore, the Equal Employment Opportunity Commission's guidance supports Kennedy's position that a renewed request for an accommodation would trigger the ADAAA's applicability.  See id., Ex. 3 at 38–40 (EEOC Amicus Brief).

Given the lack of clarity around the appropriate standard to apply, and the fact that resolving this issue has no bearing on Kennedy's remaining race-based discrimination or medical privacy violation claims, the Court finds that the original justification for immediate appealability remains relevant and that timely resolution of the issue would be in the best interest of justice.  The Court, therefore,

makes the express determination that there is no just reason for further delay and will enter partial final judgment on the eight counts that are based on the ADA.

For the foregoing reasons, it is hereby

**ORDERED** that [33] Plaintiff's Motion for Entry of a Partial Final Judgment is **GRANTED**.

**SO ORDERED**.

 
CHRISTOPHER R. COOPER  
United States District Judge

Date:  April 26, 2017